# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 7, 2022

Lyle W. Cayce
Clerk

No. 22-50308
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS BRITO-BRITO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-1988-1

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Carlos Brito-Brito appeals his conviction and sentence for illegal reentry into the United States under 8 U.S.C. § 1326(a) and (b)(1). For the first time on appeal, Brito-Brito contends that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

otherwise-applicable statutory maximum established by § 1326(a), based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt.   While Brito-Brito acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review.   In addition, Brito-Brito has filed an unopposed motion for summary disposition.

We have held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*.   *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019).   Thus, Brito-Brito is correct that his argument is foreclosed, and summary disposition is appropriate.   *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Brito-Brito's motion is GRANTED and the district court's judgment is AFFIRMED.